# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# TEXARKANA DIVISION

| | | |
|---|---|---|
| DOSHEE SWAN TOWERY | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 5:18-CV-52 |
| | § | |
| DIRECTOR, TDCJ-CID | § | |

## ORDER ADOPTING THE MAGISTRATE JUDGE'S
## REPORT AND RECOMMENDATION

Before the Court is petitioner Doshee Swan Towery's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Docket No. 1). Petitioner is a prisoner confined at the Estelle Unit of the Texas Department of Criminal Justice Correctional Institutions Division.

The Court ordered that this matter be referred to the Honorable Caroline Craven, United States Magistrate Judge, for consideration pursuant to 25 U.S.C. § 636 and the orders of this Court. In her Report and Recommendation (Docket No. 5), the Magistrate Judge recommended that the petition be dismissed without prejudice as a successive petition, filed without authorization from the United States Court of Appeals for the Fifth Circuit.

The Court considered the Report and Recommendation of United States Magistrate Judge, along with the record, pleadings and all available evidence. The petitioner filed objections to the Report and Recommendation (Docket No. 6). The Court has conducted a *de novo* review of the objected-to portions of the Report and Recommendation. *See* FED. R. CIV. P. 72(b).

## DISCUSSION

On July 9, 2007, petitioner was convicted of murder in Bowie County, Texas, and he was sentenced to 50 years of imprisonment. Petitioner previously filed a federal habeas petition concerning this conviction. That petition raised the same double jeopardy claim that is raised in the instant matter, and it was denied on the merits. *Towery v. Director*, Civil Action No. 5:10-CV-191

(E.D. Tex. Nov. 21, 2012).

The instant action stems from petitioner's filing of a document entitled "Motion for Relief Pursuant to Federal Rule of Civil Procedure Rule 60(b)(4)" in the United States District Court for the Southern District of Texas. The Southern District construed the filing as a habeas petition under § 2254, and transferred the case to this Court. The Magistrate Judge recommended dismissing the § 2254 petition because the petitioner did not have authorization from the Fifth Circuit to file a successive petition. In his objections, the petitioner states that he intended to file a post-judgment motion in Civil Action No. 5:10-CV-191, not a new habeas petition. Because the motion for relief from judgment was mistakenly filed as a new case, this petition should be **DIMISSED** and the motion for relief from judgment should be filed in Civil Action No. 5:10-CV-191.

## CERTIFICATE OF APPEALABILITY

The petitioner is not entitled to the issuance of a certificate of appealability in this matter. An appeal from a judgment denying federal habeas corpus relief may not proceed unless a judge issues a certificate of appealability. *See* 28 U.S.C. § 2253; FED. R. APP. P. 22(b). The standard for granting a certificate of appealability requires the petitioner to make a substantial showing of the denial of a federal constitutional right. *See Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000); *Elizalde v. Dretke*, 362 F.3d 323, 328 (5th Cir. 2004); *see also Barefoot v. Estelle*, 463 U.S. 880, 893 (1982). In making that substantial showing, the petitioner need not establish that he should prevail on the merits. Rather, he must demonstrate that the issues are subject to debate among jurists of reason, that a court could resolve the issues in a different manner or that the questions presented are worthy of encouragement to proceed further. *See Slack*, 529 U.S. at 483–84; *Avila v. Quarterman*, 560 F.3d 299, 304 (5th Cir. 2009). If the petition was denied on procedural grounds, the petitioner must show that jurists of reason would find it debatable: (1) whether the petition raises a valid claim of the denial of a constitutional right and (2) whether the district court was correct in its procedural ruling.

*Slack*, 529 U.S. at 484; *Elizalde*, 362 F.3d at 328. Any doubt regarding whether to grant a certificate of appealability is resolved in favor of the petitioner, and the severity of the penalty may be considered in making this determination. *See Miller v. Johnson*, 200 F.3d 274, 280–81 (5th Cir. 2000).

The petitioner has not shown that any of the issues raised by his claims are subject to debate among jurists of reason or that a procedural ruling was incorrect. Petitioner has failed to make a sufficient showing to warrant the issuance of a certificate of appealability.

**CONCLUSION**

The findings of fact and conclusions of law of the Magistrate Judge are correct, and the report of the Magistrate Judge is **ADOPTED** to the extent that it recommends the petition be **DISMISSED WITHOUT PREJUDICE**.

The Clerk of Court is **DIRECTED** to file the motion for relief from judgment (Docket No. 1) in Civil Action No. 5:10-CV-191. A final judgment will be entered in this case in accordance with this Order. A certificate of appealability will not be issued.

It is so **ORDERED**.

**SIGNED this 4th day of April, 2019.**

*Robert W Schroeder III*
ROBERT W. SCHROEDER III
UNITED STATES DISTRICT JUDGE